UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MELISSA JANE MOELLER,

        Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

18-CV-409-MJR
DECISION AND ORDER



---

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 15).

Plaintiff Melissa Jane Moeller brings this action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying her Supplemental Security Income Benefits ("SSI") under the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Moeller's motion (Dkt. No. 11) is granted, the Commissioner's motion (Dkt. No. 13) is denied, and this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## BACKGROUND

On July 16, 2013, Moeller filed an application for SSI, alleging disability since November 21, 2012, due to spine surgeries and spinal stenosis. (Tr. 143).[1] Moeller's application was denied on March 13, 2014, (Tr. 20, 77), and she requested a hearing before an Administrative Law Judge (Tr. 80). On May 16, 2016, Administrative Law Judge

---

[1] References to "Tr." are to the administrative record in this case.

David F. Neumann (the "ALJ") held a video hearing from Albany, New York. (Tr. 20). Moeller appeared at the hearing from Buffalo, New York, along with her attorney. (*Id.*). A vocational expert also testified. At the hearing, the onset date was amended to July 16, 2013, the date of her application. On June 22, 2016, the ALJ issued his decision denying Moeller's SSI claim. (Tr. 20-29). Moeller requested review by the Appeals Council, but on February 2, 2018, the Appeals Council denied her request, making the ALJ's decision the final decision of the Commissioner (Tr. 1-6). This action followed.

## DISCUSSION

I. *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

## II. *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective

medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements

of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to

the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III. *The ALJ's Decision*

The ALJ followed the required five-step analysis for evaluating disability claims. Under step one, the ALJ found that Moeller has not engaged in substantial gainful activity since July 16, 2013, her application date. (Tr. 21). At step two, the ALJ concluded that Moeller has the following severe impairments: degenerative disc disease of the lumber spine, asthma, and obesity. (*Id.*). At step three, the ALJ found that Moeller does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Tr. 23-24). Before proceeding to step four, the ALJ assessed Moeller's RFC, in pertinent part, as follows:

> [T]he claimant has the residual functional capacity to perform sedentary work . . . except the claimant can lift and carry five pounds frequently and 10 pounds occasionally. [S]he can sit for seven hours, with normal breaks, in an eight-hour workday and stand and/or walk one hour, with normal breaks, in an eight-hour workday, and she requires a sit/stand option while remaining at the workstation (option means that the individual could sit/stand once every 30 minutes while performing their assigned duties). She can perform pushing and pulling motions with her upper and lower extremities within the aforementioned weight restrictions. She should avoid unprotected heights, dangerous moving machinery, concentrated pollutants, and temperature extremes. She can occasionally climb stairs and ramps, balance, stoop, kneel, crouch, and crawl, and she should avoid climbing ladders, ropes, and scaffolds. She needs use of a cane for ambulation, but the contralateral upper extremity can be used to lift and carry up to the exertional limits specified.

(Tr. 24). Proceeding to step four, the ALJ found that Moeller has no past relevant work. (Tr. 28). At the fifth step, the ALJ considered Moeller's age, education, work experience, RFC, and the testimony of a vocational expert to conclude that Moeller can perform jobs

that exist in significant numbers in the national economy, such as addressor, document preparer, and ticket checker. (Tr. 28-29). Accordingly, the ALJ found that Moeller has not been under a disability within the meaning of the Act from her application date of July 16, 2013. (Tr. 29).

IV. *Moeller's Challenge*

Moeller argues, *inter alia*, that this case must be remanded because in determining Moeller's RFC, the ALJ gave "great weight" to the consulting physician's opinion even though that opinion was stale. The Court agrees.

In February 2014, Dr. Abrar Siddiqui, MD, performed a consultative physical examination of Moeller. Based on this examination, Dr. Siddiqui diagnosed Moeller with asthma, seizure disorder, and low back pain and opined she had mild limitations with her ability to climb, push, pull, or carry heavy objects and should avoid dust, smoke, other unknown respiratory irritants, driving, or operating heavy machinery. (Tr. 399). In determining Moeller's specific functional capabilities, the ALJ gave "great weight" to Dr. Siddiqui's opinion even though it was "nonspecific in nature." (Tr. 27).

The medical record shows that subsequent to Dr. Siddiqui's examination and opinion, Moeller's lumbar spine condition worsened. On September 22, 2014, Moeller saw her treating neurosurgeon, Dr. Kevin Gibbons, MD, complaining of lower back pain radiating down her left leg. (Tr. 451-452). Dr. Gibbons found muscle weakness, absent ankle jerk, diminished reflexes, and diminished sensation on examination. (Tr. 452). Following an examination on April 4, 2016, Dr. Gibbons found that diagnostic imaging revealed postoperative change at L4-5 with bulging disc asymmetric towards the right with possible recurrent right-sided disc herniation, and possible right paracentral disc

extrusion at L3-4. (Tr. 464). As a result, Dr. Gibbons recommended surgery. More specifically, he recommended a lumbar L4-5 trans lumbar interbody fusion to relieve pressure on the nerve. (Tr. 468-470).

Because Dr. Siddiqui's opinion predated a significant deterioration in Moeller's condition, the opinion was stale, and could not constitute substantial evidence to support the ALJ's findings. *See Morales v. Comm'r of Soc. Sec.*, 2019 WL 1109572, at *6 (W.D.N.Y. Mar. 11, 2019) (finding a consultative examiner's opinion rendered before deterioration of the claimant's physical impairment and subsequent surgeries could not constituted substantial evidence); *Reynolds v. Comm'r of Soc. Sec.*, 2019 WL 688874, at *4 (W.D.N.Y. Feb. 19, 2019) (finding an examining source's opinion rendered before worsening of the claimant's back and shoulder impairments did not constituted substantial evidence); *Dodd v. Berryhill*, 2018 WL 1192891, at *4 (W.D.N.Y. Mar. 8, 2018) ("[M]edical source opinions that are . . . stale[ ] and based on an incomplete medical record may not be substantial evidence to support an ALJ finding.") (*quoting Camille v. Colvin*, 104 F. Supp.3d 329, 343-44 (W.D.N.Y. 2015), *aff'd*, 652 Fed.Appx. 25 (2d Cir. 2016)) (quotation marks and citation omitted); *see also Welsh v. Colvin*, 2016 WL 836081, at *12 (W.D.N.Y. Mar. 4, 2016) (finding that the ALJ erred in according the opinion "great weight" to the consultative examiner's opinion because it predated the deterioration of the claimant's medical conditions and therefore could not constitute substantial evidence); *Schuler v. Colvin*, 2014 WL 2196029, at *3 (N.D.N.Y. May 22, 2014) (*citing Acevedo v. Astrue*, 2012 WL 4377323, at *16 (S.D.N.Y. Sept. 4, 2012)) (noting courts have found a lack of substantial evidence where an ALJ relies on an RFC assessment completed before a full medical history was developed); *see also Girolamo v. Colvin*, Slip Copy, 2014 WL

2207993, at *8 (W.D.N.Y. May 28, 2014) (finding the ALJ erred in relying on medical opinions rendered prior to claimant's surgery); *Jones v. Comm'r of Soc. Sec.*, 2012 WL 3637450, at *2 (E.D.N.Y. Aug. 22, 2012) ("[B]y plaintiff's hearing date, the disability examiner's opinion that Jones could perform light work was 1.5 years stale, and did not account for her deteriorating condition."). Because the ALJ's RFC finding was not supported by substantial evidence, the case is remanded.

## CONCLUSION

For the foregoing reasons, Moeller's motion for judgment on the pleadings (Dkt. No. 11) is granted, the Commissioner's motion for judgment on the pleadings (Dkt. No. 13) is denied, and this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:   October 10, 2019
         Buffalo, New York

                                              _____
                                              MICHAEL J. ROEMER
                                              United States Magistrate Judge